vivola v. state 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-115-CR

     ANDREW DAN VIVOLA,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 56th District Court
Galveston County, Texas
Trial Court # 90CR0394
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant was charged by indictment for the felony offense of burglary of a habitation with
intent to commit sexual assault, accompanied by an enhancement paragraph alleging that Appellant
was previously convicted of the felony offense of aggravated sexual assault of a child.
      Trial was had to a jury which found Appellant guilty and assessed his punishment at thirty
(30) years in the Texas Department of Criminal Justice, Institutional Division, from which he
makes this appeal.
      The basic facts are as follows:
On the evening of January 29, 1990, the thirteen-year-old complainant [Wendy
Trapani] and her mother [Melody Boone] were getting ready for bed. The complainant
had gone to sleep when the mother left the house unlocked to go to a bar for drinks. 
While at the bar the mother had a confrontation with her ex-husband, the Appellant. He
was asked to leave the bar at around 1:00 a.m. by the bartender. The mother stayed out
until 3:00 a.m. When she came home her daughter was gone but came home a few
minutes later to tell her that Appellant "had just broke into the house." They called the
police from their landlord's house.
The complainant testified that she was asleep in bed at 2:15 a.m. when she felt
someone nudging on her arm. She thought it was her mom because they sleep in the
same bed. When she looked she saw it was Andrew Vivola, the Appellant. His shirt was
off and his pants were unbuttoned and he asked the complainant to take off her clothes. 
When she said "No," he said "Why not, you liked it before." This made her scream and
he left.
      Appellant asserts two points of error as follows:
      (1)  The evidence was insufficient to prove Appellant guilty beyond a reasonable doubt on the
intent to commit sexual assault element; and 
      (2)  The evidence was insufficient to prove Appellant guilty beyond a reasonable doubt on the
identification [of Appellant] element.
      We overrule both points of error and affirm the trial court's judgment.
      In support of Appellant's first point, he argues the evidence is insufficient to show an intent
to commit sexual assault on two grounds, namely, (1) that insufficient evidence exists that "force"
was used; and (2) that Appellant's actions were insufficient to show that his intent was to commit
sexual assault. In our opinion these contentions are without merit.
      In the first place there is no requirement in either the indictment or the court's charge that the
jury find evidence of force. And the evidence is ample to show that Appellant entered the
habitation with the intent to commit sexual assault.
      Before Appellant went to the home of the complainant he confronted her mother in a bar. He
[Appellant] told her mother that her thirteen-year-old daughter was "his" and that she would bear
many children for him. Shortly after this confrontation with the child's mother, Appellant went
to the home where the child was alone and in bed, at which time he took off his shirt and
unbuttoned his pants. He told the child to take off her clothes and when she said, "No," he said,
"Why not? You liked it before." (The child explained to the jury that she and Appellant had sex
before when she was younger.)
      The child testified that she was asleep when Appellant came in the room; that she remembered
someone waking her up by nudging on her arm.
      After Appellant had told her, "Why not? You liked it before," Wendy screamed and
Appellant left the room. When she got up to lock the door, he came storming in the room again
and called her a "bitch." His pants were still undone when he came back in the room the second
time. These facts abundantly support the jury's finding that Appellant's intent in entering the
home at 2:15 a.m. was to have sex with the child. Appellant's first point is overruled.
      Regarding Appellant's second point of error, namely, that there is insufficient evidence to
show that the child identified Appellant as the offender, there are numerous places in the record
to show that Appellant was the offender. First, the child told her mother that "Andrew had just
broke into the house." The mother had identified Appellant as being Andrew Vivola, her ex-husband. The child testified that she was asleep in her bedroom and at about 2:15 a.m. she was
awakened by Andrew Vivola. She further testified that she had no doubt that it was Andrew Dan
Vivola and that she had no trouble recognizing Appellant. After all, Appellant had been her
stepfather. We overrule Appellant's second point of error.
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed June 15, 1994
Do not publish